FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN -3 A 11:48

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH FAY              :
                         :
v.                       :     Civil Action No. WMN-02-3210[1]
                         :
UNITED REFRIGERATION, et al.  :
                         :

* * * * * * * * * * * * * * * * * * * * * * * * * * *

KENNETH FAY              :
                         :
v.                       :     Civil Action No. WMN-02-3235
                         :
UNITED REFRIGERATION, et al.  :
                         :

**MEMORANDUM**

These are actions arising out of injuries suffered by Plaintiff while he was using rubber tie down straps distributed and sold by Defendants United Refrigeration, Inc. and Frank Winne & Son, Inc. and manufactured by the Jafferjee Defendants in Sri Lanka.[1] Defendants United Refrigeration, Inc. and Frank Winne & Son, Inc. removed the case to this court, and Plaintiff has petitioned for remand to the Circuit Court for Howard County,

---

[1] The above-captioned cases were filed as the same case in the Circuit Court for Howard County. Defendant United Refrigeration, Inc. filed a Petition for Removal to this Court on September 30, 2002, and Defendant Frank Winne & Son, Inc. filed a separate Petition for Removal on October 3, 2002. The two petitions are substantially identical. The Court finds that, pursuant to Fed. R. Civ. P. 42(a), it would be in the interest of justice and judicial economy to consolidate these actions, both for discovery and trial.

Maryland on the ground that Defendants have not properly alleged the citizenship of the parties.  This Court will deny the petition for remand.

It appears from close examination of the original and amended complaints filed in state court that there exists the requisite diversity of citizenship between the parties.  The Amended Complaint plainly states that Plaintiff is "a citizen and resident of the State of Hawaii," that Defendant United Refrigeration, Inc. is a "Pennsylvania Corporation with its principal place of business in Pennsylvania," that Defendant Frank Winne & Son, Inc. is a "Pennsylvania Corporation with its principal place of business in Pennsylvania," and that Defendant Jafferjee and Sons Pvt Ltd., is a business entity "organized under the law of Sri Lanka with its principal place of business in Sri Lanka."  Am. Comp. at ¶¶ 1-4.  Notwithstanding the obviousness of the citizenship of the parties on the face of the pleadings, Plaintiff argues that the removal petitions did not allege that complete diversity existed both at the time the Complaints were filed and at the time of removal.  Pl.'s Mot. to Remand at 2.

Although Defendants dispute that the removal petitions were improperly pled, they have moved jointly to amend the removal petition to state with particularity that at the time of the

original and amended complaints, complete diversity existed among the parties. Plaintiff argues that Defendants failed to amend their defective pleading within the thirty-day statutory period for filing removal petitions. Pl.'s Mot. to Remand at 6 (citing Dvorak v. Mobay Corp., et al., Civil Action No. HM-89-1214, Memorandum and Order (D. Md. May 31, 1989)).

Defendants have correctly noted, however, that substantial authority would permit amendment in accordance with 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended upon terms, in the trial or appellate court." See, e.g., Board of Ed. of Charles County, Maryland v. Travelers Indem. Co., 486 F.Supp. 129, 130 (D. Md. 1980) (citing numerous cases in support of this proposition); see also, McGuigan v. Roberts, 170 F.Supp. 372, 374 (D.C. N.Y. 1959) (applying 28 U.S.C. § 1653 to petitions for removal). "These authorities suggest, and common sense dictates, that the amendment ought to be permitted in the instant case." Board of Ed. of Charles County, Maryland, 486 F.Supp. at 130. Because the amendment sufficiently cures any defect in the original petitions for removal, Plaintiff's motion for remand will be denied.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
Senior United States District Judge

Dated: January 3, 2003