IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH FAY                          *

      Plaintiff                  *

v.                                   *   Civil Action No. WMN-02-3210

UNITED REFRIGERATION, INC.,          *
et al.
                                     *

      Defendants                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff, Kenneth Fay, by and through his undersigned attorneys, pursuant to Local Rule 103.8(a), hereby responds to this Honorable Court's Order to Show Cause as to why this case should not be dismissed for failure to serve the summons and complaint on Defendants, Jafferjee Brothers, Inc., Jafferjee Brothers Group of Companies, JB Group of Companies, and Jafferjee and Sons, Pvt., Ltd, and states the following as just cause as to why this action should not be dismissed:

1.   This case is a products liability case arising out of serious brain injuries suffered by the Plaintiff, Kenneth Fay, while he was using a rubber tie down strap in his business as a contractor.  While attempting to attach one end of the strap to his truck, the other end gave way and the metal attachment hook on that end struck him on the head with such great force that it

penetrated his skull and went into his brain where it became
lodged.  The plaintiff contends that the attachment mechanism
and materials were defective in design and/or manufacture and
that the warnings and instructions were defective as well.

2.   Suit was filed against the manufacturer of the tie
down strap, Jafferjee Brothers, Inc., Jafferjee Brothers Group
of Companies, and JB Group of Companies, located in Colombo, Sri
Lanka, as well as the domestic distributor, Frank W. Winne &
Son, Inc., in Philadelphia, Pennsylvania, and the facility which
directly sold the tie down strap to Mr. Fay, United
Refrigeration, Inc., in Jessup, Maryland.  The action was
instituted on April 30, 2002, in the Circuit Court for Howard
County.  An Amended Complaint was filed on May 1, 2002, naming
additional defendant, Jafferjee and Sons Pvt., Ltd.

3.   On May 1, 2002, Plaintiff's counsel mailed a suit
notification letter and courtesy copy of the First Amended
Complaint and Election for Jury Trial to the foreign Defendants,
Jafferjee Brothers, et al.  The letter indicated that service of
process would be made through the Hague Convention. (See letter
from Jeffrey S. Goldstein to Mr. Anver Jafferjee dated May 1,
2002, attached hereto as Exhibit A)

4.   Service of process was effectuated on the domestic
Defendants, United Refrigeration, Inc., and Frank W. Winne &
Son, Inc.

5.   On September 30, 2002, Defendant, United Refrigeration, Inc., filed a Petition for Removal to the United States District Court for the District of Maryland.

6.   On October 3, 2002, Defendant, Frank W. Winne & Son, Inc., also filed a Petition for Removal.

7.   On October 30, 2003, Plaintiff filed a Motion to Remand.

8.   While awaiting this Honorable Court's decision on the Motion to Remand, and in regard to the expense and complexities of international service of process, the plaintiff did not want there to be any confusion or uncertainty for the foreign defendants, as to where the case was pending and what they were required to do in order to comply with the appropriate procedure.  Accordingly, Plaintiff's counsel wrote to this Honorable Court, inquiring about whether the Court would recommend attempting to obtain service immediately on the foreign Defendants (located in Sri Lanka), or to wait for the Court's ruling on the motion for remand. (See letter from Jeffrey S. Goldstein to the Honorable William N. Nickerson dated November 18, 2002, attached hereto as Exhibit B)  Plaintiff never received a response to this inquiry.

9.   On Friday, January 3, 2003, this Honorable Court denied Plaintiff's Motion to Remand.  On January 6, 2003, and January 8, 2003, Plaintiff's counsel requested issuance of

3

summonses for each foreign Defendant. (See letters to the clerk
of the court dated January 6, 2003 and January 8, 2003, attached
hereto as Exhibits C and D respectively)

10.  The court issued the summonses on January 10, 2003.

11.  Plaintiff's counsel immediately contacted APS
International, Inc., an international process server, to arrange
for it to serve the complaint on the foreign defendants.  Per
APS International, Inc.'s request, on January 23, 2003,
Plaintiff's counsel sent three copies of the Summons and
Complaint for each foreign Defendant to APS International, Inc.,
to obtain service on these Defendants. (See letter from Jeffrey
S. Goldstein to APS International, Inc., dated January 23, 2003,
and attached hereto as Exhibit E)

12.  On January 29, 2003, APS International, Ltd.,
acknowledged receipt of the documents which would be processed
in accordance with the Hague Convention on the Service Abroad of
Judicial & Extrajudicial Documents in Civil or Commercial
Matters.  APS International, Ltd., has advised that obtaining
service on defendants in Sri Lanka usually requires twelve (12)
to sixteen (16) weeks, and occasionally longer.  At that time,
APS also requested copies of the notice of removal from Circuit
Court of Howard County to minimize the Defendants' confusion
with respect to the proper venue for filing their Answer(s).
(See letter from APS International, Inc., to Jeffrey S.

4

Goldstein dated January 29, 2003, attached hereto as Exhibit F)
Plaintiff's counsel immediately complied and provided the
additional documentation.

13.  On February 14, 2003, APS International, Ltd.,
confirmed by letter that all documents were abroad for service.
(See letter from APS International, Ltd., to Jeffrey S.
Goldstein dated February 14, 2003, attached hereto as Exhibit G)

14.  Since sending the documents to APS for service,
Plaintiff's counsel has consistently been in contact with APS
with regard to service.  Most recently, on May 1, 2003,
Plaintiff's counsel contacted APS International, Ltd., to
inquire about the status of service.  Glenda Fitchner of APS
International, Ltd., indicated that the documents were abroad
for service and she had neither heard nor received anything to
confirm that service had been effectuated.  Ms. Fitchner
confirmed that she has this matter on her diary for follow-up on
or about June 14, 2003.  She further advised that APS
International, Inc., is dependent upon the foreign government to
effectuate service and provide proof that service was complete.
She did not expect to receive such confirmation until June 14,
2003, at the earliest.  Ms. Fitchner again confirmed that formal
service to Sri Lanka typically takes between twelve (12) and
sixteen (16) weeks, and occasionally longer.

15.  Both of the domestic Defendants have been successfully served and have entered an appearance.

16.  Despite Plaintiff's best efforts, and due to no fault of the Plaintiff, service has not yet been effectuated on Jafferjee Brothers, Inc., Jafferjee Brothers Group of Companies, and JB Group of Companies.

17.  No scheduling order has been entered by the Court, nor has a preliminary conference been held, and accordingly, pursuant to Local Rule 104.4, no discovery has been completed. The Plaintiff, however, has informally provided medical documentation to the served defendants.

18.  As the statute of limitations has expired, a dismissal of this matter would unfairly severely prejudice the Plaintiff. The damages in this case include past, present and future suffering as a result of the severe brain injury which has resulted in painful and permanent injuries.  Mr. Fay remains under treatment and has been rendered significantly disabled. This has resulted in the expenditure of considerable sums of money for hospital and medical care and treatment.  These expenditures will continue into the foreseeable future.  In addition, Mr. Fay will permanently be prevented in the future from engaging in his duties, occupation, activities, and pursuits which has caused substantial loss of income will suffer

permanent impairment in his future earning capacity all of which
has, is, and will cause extensive economic loss.

WHEREFORE, Plaintiff respectfully responds to this
Honorable Court's Order to Show Cause and requests, pursuant to
Local Rule 103.8(a), that this Honorable Court not dismiss this
matter as to Jafferjee Brothers, Inc., Jafferjee Brothers Group
of Companies, JB Group of Companies, and Jafferjee and Sons,
Pvt., Ltd., for failure to serve the summons and complaint and
also respectfully requests that this Honorable Court enlarge the
time to effectuate service on the Defendants Jafferjee Brothers,
Inc., Jafferjee Brothers Group of Companies, and JB Group of
Companies, and allow this case to proceed against them.

Respectfully submitted,

*Jeffrey S. Goldstein* |s|
Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

*Bertram M. Goldstein* |s|
Bertram M. Goldstein
BERTRAM M. GOLDSTEIN & ASSOCIATES, P.A.
One North Charles Street
Suite 222
Baltimore, Maryland 21201
(410) 539-2222

Attorneys for Plaintiff

7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH FAY                        *

          Plaintiff               *

v.                                * Civil Action No. WMN-02-3210

UNITED REFRIGERATION, INC.,       *
et al.
                                  *

          Defendants
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

ORDER

Upon consideration of the Plaintiff's Response to the Order to Show Cause, and for good cause shown, it is this _____ day of _____, 2003;

ORDERED, that the Plaintiff has shown good cause and the Complaint shall not be dismissed for want of prosecution; and it is further

ORDERED, that the time in which to effectuate service on the Defendants, Jafferjee Brothers, Inc., Jafferjee Brothers Group of Companies, and JB Group of Companies, be, and the same hereby is enlarged for a period of 120 days.

_____
William M. Nickerson
United States District Judge

LAW OFFICES
# JEFFREY S. GOLDSTEIN, P.A.
A PROFESSIONAL ASSOCIATION
222 BLAUSTEIN BUILDING
ONE NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3710

TELEPHONE: (410) 539-2222
FACSIMILE: (410) 539-8157

JEFFREY S. GOLDSTEIN*

BERTRAM M. GOLDSTEIN, P.A.††
OF COUNSEL

ROBIN FRAZIER KANDEL

*ALSO ADMITTED IN CA
††ALSO ADMITTED IN HAWAII

May 1, 2002

**Via Facsimile and U.S. Mail**
Jafferjee Brothers
c/o Mr. Anver Jafferjee
No. 150 St. Joseph's Street
Grandpass, Colombo 14
Sri Lanka

Re:     *Kenneth Fay vs Jafferjee and Sons Pvt Ltd., et al.*
        In The Circuit Court for Howard County, Maryland, USA
        Case No. 13-C-02-51761

Dear Mr. Jafferjee:

        Please be advised that we represent Kenneth Fay in his claim for damages for personal injuries that he sustained on May 5, 1999, while using a rubber tie-down strap, which had been manufactured, distributed, and sold by Jafferjee and Sons Pvt Ltd., Jafferjee Brothers Group of Companies, JB Group of Companies, and/or Jafferjee Brothers, Inc..

        You are hereby notified that a lawsuit has been filed by Kenneth Fay, against Jafferjee and Sons Pvt Ltd., Jafferjee Brothers Group of Companies, JB Group of Companies, and Jafferjee Brothers, Inc., as well as Frank W. Winne & Son Inc., a distributor of your products in the United States, and United Refrigeration Inc., the retailer from which Mr. Fay purchased the tie-down strap in Jessup, Howard, County, Maryland, USA. The original Complaint was filed in the Circuit Court for Howard County, Maryland, USA, on April 30, 2002, and an amended Complaint was filed on May 1, 2002.

        For your information, I enclose a copy of the First Amended Complaint and Election for Jury Trial. Service of process will be made by private process through the Hague Convention.

                                        Very truly yours,

                                        Jeffrey S. Goldstein

JSG/
Enclosure

Exhibit A

LAW OFFICES
## JEFFREY S. GOLDSTEIN, P.A.
A PROFESSIONAL ASSOCIATION

JEFFREY S. GOLDSTEIN*

222 BLAUSTEIN BUILDING
ONE NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3710

TELEPHONE: (410) 539-2222
FACSIMILE: (410) 539-8157

BERTRAM M. GOLDSTEIN, P.A.††
OF COUNSEL

ROBIN FRAZIER KANDEL

*ALSO ADMITTED IN CA
††ALSO ADMITTED IN HAWAII

November 18, 2002

**Via Facsimile (410) 962-2577**
The Honorable William M. Nickerson
United States District Court
  For the District of Maryland
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:    <u>Kenneth Fay vs. United Refrigeration, et al.</u>
>        Civil Action Nos. WMN-02-CV-3210 and WMN-02-CV-3235

Dear Judge Nickerson:

Please be advised that the Plaintiff has still not obtained service on the Sri Lanka defendants, the Jafferjee Brothers entities. We use APS International, Inc., to effectuate service of process. This service is quite costly and we only want to do it one time, if possible.

I am writing this letter to inquire if Your Honor would like us to obtain service now or whether we should wait until after Your Honor rules on Plaintiff's Motion for Remand.

Thank you for your consideration of this matter.

Respectfully yours,

Jeffrey S. Goldstein

JSG:pam
cc:    Roy W. Anderson, Jr., Esquire, (Via Facsimile)
       Mary Weidner, Esquire, (Via Facsimile)
       Mr. Anver Jafferjee

Exhibit B

LAW OFFICES
## JEFFREY S. GOLDSTEIN, P.A.
A PROFESSIONAL ASSOCIATION

JEFFREY S. GOLDSTEIN*

222 BLAUSTEIN BUILDING
ONE NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3710

TELEPHONE: (410) 539-2222
FACSIMILE: (410) 539-8157

BERTRAM M. GOLDSTEIN, P.A.††
OF COUNSEL

ROBIN FRAZIER KANDEL

*ALSO ADMITTED IN CA
††ALSO ADMITTED IN HAWAII

January 6, 2003

Eveline Gibbons, Case Manager
United States District Court
 For the District of Maryland
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: <u>Kenneth Fay vs. United Refrigeration, et al.</u>
      Civil Action No. WMN-02-CV-3210

Dear Ms. Gibbons:

   Kindly reissue summonses so that we may effectuate service on the following defendants in this matter:

1.  JAFFERJEE BROTHERS, INC.
   169 Srimavo Bandanranaike Mwa
   Central, Colombo 12, Sri Lanka

   Serve on:
   Mr. Anver Jafferjee
   No. 150 St. Joseph's Street,
   Grandpass, Colombo 14, Sri Lanka

2.  JAFFERJEE BROTHERS GROUP OF COMPANIES
   169 Srimavo Bandanranaike Mwa
   Central, Colombo 12, Sri Lanka

   Serve on:
   Mr. Anver Jafferjee
   No. 150 St. Joseph's Street,
   Grandpass, Colombo 14, Sri Lanka

Exhibit C

LAW OFFICES
## JEFFREY S. GOLDSTEIN, P.A.
A PROFESSIONAL ASSOCIATION
222 BLAUSTEIN BUILDING
ONE NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3710
———
TELEPHONE: (410) 539-2222
FACSIMILE: (410) 539-8157

BERTRAM M. GOLDSTEIN, P.A.††
OF COUNSEL

JEFFREY S. GOLDSTEIN*

*ALSO ADMITTED IN CA
††ALSO ADMITTED IN HAWAII

January 8, 2003

Eveline Gibbons, Case Manager
United States District Court
  For the District of Maryland
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:   Kenneth Fay vs. United Refrigeration, et al.
>        Civil Action No. WMN-02-CV-3210

Dear Ms. Gibbons:

This will confirm our conversation of January 7, 2003. Pursuant thereto, I have enclosed an original and one copy of form summons for each defendant. As we discussed, this case was originally filed in Howard County Circuit Court. However, shortly thereafter a motion was filed to change the venue to United States District Court. By way of a ruling issued January 3, 2003, it was determined that this case would proceed in United States District Court. Accordingly, we request summonses so that we may effectuate service on the following defendants in this matter:

1.   JAFFERJEE BROTHERS, INC.
2.   JAFFERJEE BROTHERS GROUP OF COMPANIES
3.   JB GROUP OF COMPANIES
4    JAFFERJEE AND SONS PVT LTD.

I have enclosed a self addressed stamped envelope for your convenience in providing same. Thank you for your kind cooperation.

Very truly yours,

Georgette L. Campbell
Paralegal for the Firm

GLC

Exhibit D

FILE COPY

LAW OFFICES
## JEFFREY S. GOLDSTEIN, P.A.
A PROFESSIONAL ASSOCIATION

JEFFREY S. GOLDSTEIN*

222 BLAUSTEIN BUILDING
ONE NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3710

TELEPHONE: (410) 539-2222
FACSIMILE: (410) 539-8157

BERTRAM M. GOLDSTEIN, P.A.††
OF COUNSEL

ROBIN FRAZIER KANDEL

*ALSO ADMITTED IN CA
††ALSO ADMITTED IN HAWAII

January 23, 2003

Attn: Josh Cobb
APS International, LTD.
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439

RE: Fay v. Jafferjee Brothers, Inc., et al.

Dear Josh:

I am writing you to request your assistance in the service of summons to the international defendants in the above reference case. I enclose all the necessary items in which you requested. They are as follows:

1. This cover letter;
2. Three copies of our documents for service, per defendant;
3. Payment;
4. A copy of all the complaints on a 3.5" disk: and
5. Your Case Sheet.

There are three defendants in which we request that you serve. They are as follows:

1. Jafferjee Brothers, Inc.
   169 Srimavo Bandanranaike Mwa
   Central, Colombo 12, Sri Lanka
   Serve on:
   Mr. Anver Jafferjee
   No. 150 St. Joseph's Street
   Grandpass, Colombo 14, Sri Lanka;

2. Jafferjee Brothers Group of Companies;
   169 Srimavo Bandanranaike Mwa
   Central, Colombo 12, Sri Lanka
   Serve on:

Exhibit E

Mr. Anver Jafferjee
No. 150 St. Joseph's Street
Grandpass, Colombo 14, Sri Lanka

3.     JB Group of Companies
       169 Srimavo Bandanranaike Mwa
       Central, Colombo 12, Sri Lanka
       Serve on:
       Mr. Anver Jafferjee
       No. 150 St. Joseph's Street
       Grandpass, Colombo 14, Sri Lanka; and

The documents for service consist of the Complaint and Election for Jury Trial, Plaintiff's First Amended Complaint and Election for Jury Trial, and the Writ of Summons for each Defendant. There are three copies of each document per each defendant.

I also enclose a check in the amount of $795.00 representing the standard charges for your service.

If you have any questions or need more information, please do not hesitate to contact me.

Thank you for your kind cooperation.

Very truly yours,

Jeffrey S. Goldstein

APS In...national Plaza & 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

January 29, 2003

Attn: Mr. Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
One North Charles Street
Suite 222
Baltimore, MD 21201-3710

RE:  Fay v United Refrigeration Inc., et al
     Country: Sri Lanka
     APS File #237114
     Your File #GP002.99
         -- Jafferjee Brothers, Inc. ; Central, Colombo 12, Sri Lanka
         -- Jafferjee Brothers Group of Companies ; Central, Colombo 12, Sri Lanka
         -- JB Group of Companies ; Central, Colombo 12, Sri Lanka

Dear Mr. Goldstein:

We have received your request in the above named case(s) for service of process in accordance with the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters, TIAS #10072 (U.S. Treaties & other International Acts) and 20 UST 361 (U.S. Treaties & other International Agreements).

You can normally expect any requested translations to be completed within seven to ten working days, after which a copy is sent for your file. Of course, more time may be necessary to translate lengthy, more technical or unusual documents and/or exhibits. Thereafter, two to three working days are required for transit and customs clearing abroad. Foreign government officials usually effect service pursuant to international treaty law in six to eight weeks, and another four to six weeks are usually required for the Proof of Service to be completed, sealed, and returned to the United States. The whole matter usually requires twelve to sixteen weeks, and occasionally longer. However, we can neither guarantee the performance of the foreign officials nor predict the outcome based on constraints beyond our control.

The Treaty acknowledges that some member nations may be dilatory in either serving process or in returning the proof of service. A provision of the Hague Service Convention allows the plaintiff to enter a default judgment if a proof of service is not received within six months and if reasonable follow-up efforts have been made by the plaintiff to obtain service in accordance with the Treaty.

Although only a small percentage of cases fall into this category, following sixteen weeks of transmittal abroad, we will provide an initial follow-up with the foreign court wherein we will



Exhibit F

completely resubmit for service a second set of documents along with any translations into the appropriate foreign language. If necessary, a second follow-up will be done at twenty weeks. Finally, a six-month affidavit, which will assist you in the application for a default judgment, will be completed and sent to you if no response is received from the foreign government.

Your fee for service covers our preparation and processing of the necessary documents to request service abroad as well as the out-of-pocket costs of which we are aware. The only time you may be charged extra is if you would like APS to have one of our interpreters/paralegals call the foreign government directly to ascertain the exact status of your service request, if the foreign government imposes special surcharges to execute your request, OR if you ask APS to do something which is not normal to the Hague Service Convention process. Of course, you will always be informed in advance before any additional fees are incurred.

The fee charged includes the standard 16 and 20 week follow-ups done by APS. It also includes (if necessary) a six month affidavit which you can use to apply for a default judgment against the defendant - even if no proof has been received by the foreign government.

In the event service of process or any other APS service is determined to be improper or invalid for any reason occasioned by the acts or omissions of APS, we will cause the documents to be re-served at no additional cost, or make a full refund to the attorney. However, if service of process or any other APS service is determined to be improper or invalid for any reason occasioned by the acts or omissions of the U.S. Department of State Officials, government officials and/or foreign government officials, the documents will be resubmitted for a nominal charge. APS shall not be liable for any incidental or consequential damages. No refund will be made for failure to serve, copy or file documents because of ambiguous instructions, improper documents supplied, incomplete documents supplied, the unavailability of the party at the time of service, or inadequate or incorrect address.

We appreciate your business and enjoy handling this matter for you.


Sincerely,

Glenda Fichtner

Glenda Fichtner
International Division

Total received for the above requested service:    $ 795.00

Due before processing continues:    $ 0.00

Note: Per my discussion with your office, I understand this case has been removed from state to federal court. To minimize the possibility of confusion on the part of the foreign authorities who will serve this case (seeing the summons and complaint issued from two different courts), please send copies (nine) of the notice of removal.

In your cover letter you request service on each company by serving Mr. Anver Jafferjee. If it is the companies you wish to serve, we would suggest that our request not be limited to a certain person at the company. Should that individual not be present at the office on the day the service is attempted, it is possible the documents will be returned with a proof of non-service. If the request is left addressed to the company in general, the foreign authorities will deliver the documents in an appropriate manner to a person authorized to accept service. Please confirm with me how you would like us to proceed.
You may contact me at (800) 328-7171 or at GFichtner@APS-NOW.com

APS International Plaza · 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

February 14, 2003

JEFFREY S. GOLDSTEIN, P.A.
Mr. Jeffrey S. Goldstein
One North Charles Street
Suite 222
Baltimore, MD  21201-3710

**APS File #:**     237114-0001, -0002 and -0003
**Case Name:**     Fay  v  United Refrigeration Inc., et al
**Defendant:**     Jafferjee Brothers, Inc., Jafferjee Brothers Group of Companies  and
                   JB Group of Companies
**Country:**       Sri Lanka


Please be advised that your documents are presently abroad for service.

As soon as we learn of service being perfected, we will contact your office.


Thank you for using APS International.


Sincerely,

Glenda Fichtner
International Division


Exhibit G