IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KENNETH FAY | * |
| Plaintiff | * |
| v. | * |
| UNITED REFRIGERATION, INC., et al. | * |
| Defendants | * |

Case No: WMN-02-CV-3210

## ANSWER TO AMENDED COMPLAINT

Defendant, Frank W. Winne & Son, Inc. by and through its attorneys, Judith C. Ensor, Dena M. Terra and Whiteford, Taylor & Preston LLP, files this Answer in response to Plaintiff's Amended Complaint filed herein and says:

1.  This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 1 and 2; therefore this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

2.  This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 1 and 2; therefore this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

3.  This Defendant admits that it is incorporated in Pennsylvania with a principal place of business in Pennsylvania. This Defendant also admits that it

distributes certain products. This Defendant is without sufficient knowledge or information to form a belief as to the balance of the allegations set forth in Paragraph 3; therefore, this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

4. This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 4-13; therefore, this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

## COUNT 1 (STRICT LIABILITY)

5. With respect to Paragraph 14, this Defendant incorporates by reference the responses to Paragraphs 1-13, which are set forth above, as if they were fully set forth herein.

6. This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 14-20; therefore, this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

## COUNT 2 (NEGLIGENCE)

7. With respect to Paragraph 21, this Defendant incorporates by reference the responses to Paragraphs 1-13, which are set forth above, as if they were fully set forth herein.

8. This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 22-26; therefore, this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

## COUNT 3 (BREACH OF IMPLIED WARRANTIES)

9. With respect to Paragraph 27, this Defendant incorporates by reference the responses to Paragraphs 1-13, which are set forth above, as if they were fully set forth herein.

10. This Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraphs 28-34; therefore, this Defendant cannot admit or deny the allegations that are set forth therein. Accordingly, this Defendant demands strict proof thereof.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

This Defendant Frank W. Winne & Son, Inc. did not commit the wrongs alleged.

## THIRD DEFENSE

This Defendant is not guilty of negligence as alleged.

## FOURTH DEFENSE

This Defendant further states that Plaintiff's injuries and damages, if any, are the sole result of Plaintiff's contributory negligence and/or assumption of the risk.

## FIFTH DEFENSE

This Defendant is without sufficient knowledge or information to form any belief as to the allegations concerning losses and damages in Plaintiff's Complaint and demands strict proof thereof.

## SIXTH DEFENSE

This Defendant further states that any allegations or claims contained in Plaintiff's Complaint not specifically admitted or denied herein before are hereby specifically denied, and further that all allegations of negligence contained in Plaintiff's Complaint are also specifically denied.

## SEVENTH DEFENSE

The Plaintiff's claim is barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Any damages, injuries or losses incurred by each and every Plaintiff were caused solely, proximately and directly by the negligence and/or fault of a person(s) and/or entity(ies) other than this Defendant and over whom this Defendant did not have control.

## NINTH DEFENSE

The negligent acts and/or omissions of a person(s) and/or entity (ies) other than this Defendant and over whom this Defendant did not have control may have constituted an intervening, superseding act which caused the damages, injuries and losses allegedly sustained by each and every Plaintiff.

## TENTH DEFENSE

This Defendant hereby expressly raises each and every defense/objection set forth in Federal Rule 12(b) as if each defense/objection was set forth fully herein.

## ELEVENTH DEFENSE

This Defendant expressly reserves the right to assert any other defenses, amend this Answer or to add such additional defenses as may appear necessary based on additional information.

## TWELFTH DEFENSE

This Defendant avers that the injuries, losses and damages, if any, sustained by the Plaintiff is the result of the sole or concurrent active and primary negligence of person(s) or entity(ies) other than this Defendant over whom this Defendant has no control. This Defendant was not negligent, or in the alternative, this Defendant's negligence, if any, was passive.

## THIRTEENTH DEFENSE

All claims contained in the Plaintiff's Complaint are bared by a release or alternatively reduced by a release.

### FOURTEENTH DEFENSE

This Defendant incorporates by reference all defenses set forth in any other Defendant's Answer.

### FIFTEENTH DEFENSE

The Defendant hereby raises each and every defense and/or objection set forth in Federal Rule 12(h)(1) – (3) as if each defense or objection was set forth fully herein.

### SIXTEENTH DEFENSE

All claims contained in the Complaint are bared by the doctrine of Accord and Satisfaction.

### SEVENTEENTH DEFENSE

The Defendant did not contract as alleged.

### EIGHTEENTH DEFENSE

The Complaint has failed to join necessary parties.

### NINETEENTH DEFENSE

All claims set forth in the Plaintiff's Complaint are barred by, or in the alternative, should be reduced by any payment.

**WHEREFORE**, Defendant, Frank W. Winne & Son, Inc., through counsel prays this Honorable Court to:

a. Dismiss the Plaintiff's Complaint filed herein, with prejudice;

b. Assess all costs and expenses including legal costs against the Plaintiff; and

    c.    For such other and further relief as the nature of Frank W. Winne & Son, Inc.'s cause may require.

        Respectfully submitted,

        */s/ Judith C. Ensor*
        Judith C. Ensor
        Dena M. Terra
        Whiteford, Taylor & Preston LLP
        210 W. Pennsylvania Avenue, Suite 400
        Towson, Maryland  21204-4515
        *Attorneys for Defendant, Frank W. Winne & Son, Inc.*