**WHITEFORD, TAYLOR & PRESTON**
L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
TELEPHONE 410 347-8700
FAX 410 752-7092

20 COLUMBIA CORPORATE CENTER
10420 LITTLE PATUXENT PARKWAY
COLUMBIA, MARYLAND 21044-3528
TELEPHONE 410 884-0700
FAX 410 884-0719

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
410 832-2000
FAX 410 832-2015
www.wtplaw.com

1025 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-5405
TELEPHONE 202 659-6800
FAX 202 331-0573

1517 KING STREET
ALEXANDRIA, VIRGINIA 22314-2928
TELEPHONE 703 836-5742
FAX 703 836-0265

JUDITH C. ENSOR
DIRECT NUMBER
410 832-2078
jensor@wtplaw.com

December 2, 2003

Bertram M. Goldstein, Esquire
Law Offices of Jeffrey S. Goldstein, P.A.
222 Blaustein Building
One North Charles Street
Baltimore, Maryland 21201-3710

   Re: Fay v United Refrigeration, Inc., et al.
     Case No.: WMN-02-CV-3210
     Our File No.: 35618/793

Dear Bert:

  You will recall that Dena Terra and I represent Frank W. Winne & Son, Inc. in defense of the above-referenced matter. Back in early November, we discussed at length the need for your client to present for deposition in Baltimore. You candidly stated that you had not spoken with your client in some time and were in the process of locating him. I indicated that I would certainly grant you an additional thirty days in which to locate Mr. Fay. I made clear at that time, however, that if you did not promptly locate him and did not provide firm dates not only for his deposition but for his presentation for independent medical evaluations, I would seek *dismissal* of this case. As a courtesy, I write to remind you that the deadline is now upon us. I have heard nothing from you with regard to your client's whereabouts and his availability to present for deposition and independent medical examinations here in Baltimore.

  Similarly, when last we spoke, you indicated that you were in possession of the allegedly offending tie-down strap and would certainly allow for its inspection and non-destructive testing by an expert of the Defendants' choosing. Where are we on that front?

  By letter dated November 6, 2003, you indicated to Judge Nickerson that you were requesting "thirty days in which to work out some logistical difficulties and be in

December 2, 2003
Page 2

a position to present . . . a joint proposed revised scheduling order. Obviously, we need to be back to Judge Nickerson early next week. I would appreciate hearing from you promptly as to where we stand.

    I look forward to hearing from you.

Most sincerely,

Judith C. Ensor

JCE/sll
cc:  Warren Stephens, Esquire
     Dena M. Terra, Esquire

295068