WHITEFORD, TAYLOR & PRESTON
L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
TELEPHONE 410 347-8700
FAX 410 752-7092

20 COLUMBIA CORPORATE CENTER
10420 LITTLE PATUXENT PARKWAY
COLUMBIA, MARYLAND 21044-3528
TELEPHONE 410 884-0700
FAX 410 884-0719

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
410 832-2000
FAX 410 832-2015
www.wtplaw.com

1025 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-5405
TELEPHONE 202 659-6800
FAX 202 331-0573

1317 KING STREET
ALEXANDRIA, VIRGINIA 22314-2928
TELEPHONE 703 836-5742
FAX 703 836-0265

JUDITH C. ENSOR
DIRECT NUMBER
410 832-2078
jensor@wtplaw.com

September 14, 2004

The Honorable William M. Nickerson
United States District Court
  For the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re: Kenneth Fay v. United Refrigeration, Inc., et al.
> Case Number: WMN.02.3210

Dear Judge Nickerson:

Please allow the following to serve as a status report with respect to the above-referenced matter.

As you know, this product liability case arises out of an accident that is said to have taken place on or about May 6, 1999. More specifically, Plaintiff Kenneth Fay, who currently resides in Hawaii, claims that he purchased several plastic pads from United Refrigeration, Inc. He further claims that while attempting to secure the plastic pads to the bed of his truck with a rubber tie down strap (also allegedly purchased from United Refrigeration), "the tie down strap's fastening device failed causing the strap with the metal hook attached to be violently propelled toward the Plaintiff whereby the hook struck him in the head with such force that it shattered the Plaintiff's skull and penetrated into his brain where the hook lodged and caused serious, painful, and permanent injuries." See Plaintiff's First Amended Complaint at Paragraph 13. The Plaintiff's First Amended Complaint purports to set forth causes of action against United Refrigeration, Inc. (which allegedly sold the strap), Frank W. Winne and Son, Inc. (which allegedly distributed the strap), and several Jafferjee entities (which allegedly manufactured the alleged defect strap). Mr. Fay purports to set forth causes of action in strict liability (Count I), negligence (Count II), and breach of implied warranties (Count III).

The parties, although working relatively well together, have been somewhat hampered in their ability to complete discovery because Mr. Fay resides in Hawaii and was not readily available to submit to independent medical examinations and deposition. That hurdle, however, has been overcome. Mr. Fay was deposed in March of this year, in Maryland. In addition, Mr. Fay has been examined by the Defendants' expert witnesses, Dr. Bruce J. Ammerman, a neurosurgeon, and Dr. Gary W. London, a neurologist. Both experts have submitted written reports, which have been provided to Plaintiff's counsel.

In addition, the parties have taken the depositions of four United Refrigeration employees who were on the premises at the time of the accident.

This Court may recall that there was some dispute as to what would be required prior to counsel for the Plaintiff temporarily releasing the allegedly defective strap to the Defendants' expert for inspection. That dispute was resolved by the Court; the strap has now been inspected by the Defendants' experts and returned to counsel for the Plaintiff.

The parties do need to conduct additional discovery. Specifically, the Plaintiff has identified two expert witnesses to be called at trial. The Defendants have identified three. These individuals need to be deposed. In addition, Defendant Frank W. Winne and Son, Inc. owes written discovery to the Plaintiff. It is anticipated that executed Answers to Interrogatories and a Response to the Request for Production of Documents will be provided in the next two weeks.

On another front, Defendant Frank W. Winne and Son, Inc. does anticipate filing a Motion for Summary Judgment based on Maryland's sealed container defense.

Unfortunately, both of the attorneys representing Mr. Fay are undergoing surgery this week. It is unclear at this juncture how much time it will take for Messrs. Goldstein to recover from their respective surgeries. At a minimum, work on this matter will be delayed for at least two weeks. With this in mind, the parties are simultaneously filing with this status report a Motion to Amend the Scheduling Order to allow for Plaintiff's counsel to recuperate and for the parties to then complete discovery.

Finally, because of the impending surgeries, undersigned counsel volunteered to prepare this status report. I spoke with Mr. Stephens, counsel for United Refrigeration, on Friday, September 10, 2004 and he authorized me to sign his name to this report. I spoke with Messrs. Goldstein today, and they have authorized me to sign their names as well .

Should the Court have any questions or require any additional information, please do not hesitate to have someone from your chambers contact me.

Most sincerely,

Judith C. Ensor

JCE:sll
cc:  Jeffrey S. Goldstein, Esquire
     Bertram M. Goldstein, Esquire
     Warren Stephens, Esquire

316031