IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| KENNETH FAY<br>P.O. Box 385262<br>Waikoloa, Hawaii  96738 | *<br><br>* |
| Plaintiff | * |
| v. | *   Case No.: |
| AMERICAN INTERNATIONAL GROUP, INC.<br>70 Pine Street<br>New York, New York  10270<br><u>Serve on:</u><br>Martin J. Sullivan<br>President and Chief Executive Office | *<br><br>*<br><br>*<br><br>* |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT FOR DECLARATORY RELIEF**

KENNETH FAY, Plaintiff, by his undersigned attorneys, seeks declaratory relief upon the following grounds:

1. American International Group, Inc. (hereinafter "AIG") is a corporation of the State of Delaware with principle offices at 70 Pine Street, New York, New York, 10270.

2. Kenneth Fay is an individual who resides in Waikoloa, Hawaii and at all times material to this litigation; he has been and is a resident and citizen of the State of Hawaii.

3. Jafferjee Brothers, Inc., Jafferjee Brothers Group of Companies, and JB Group of Companies (hereinafter the "Jafferjee Defendants") are corporations or other forms of business entities organized under the laws of the Democratic Socialist Republic of Sri Lanka, with their principle places of business at 150 St. Joseph Street, Grandpass, Columbo 14, Sri Lanka.  These companies are engaged in, among other things, the manufacture, distribution and sale of rubber

tie-down straps for exportation, and in particular, a tie-down strap which caused serious painful and permanent injury to the Plaintiff, Kenneth Fay.

4. This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1332 as there is complete diversity of citizenship between the Plaintiff, the Jafferjee Defendants and AIG, and the matter in controversy exceeds $75,000.00 exclusive of interests and costs and further pursuant to 28 U.S.C. §2201 for Declaratory Relief.

5. Jafferjee Defendants export their products to the United States of America and derive significant revenue from their activities in the United States, including the State of Maryland, where its product caused injury to the Plaintiff, Kenneth Fay.

6. Kenneth Fay instituted suit against the Jafferjee Defendants, Frank W. Winne & Sons, Inc., and United Refrigeration, Inc. in the Circuit Court for Howard County. Thereafter the litigation was removed to the United States District Court for the District of Maryland on the basis of diversity of citizenship.

7. The litigation involved a thirty-one (31) inch tie-down strap which, it was alleged, the Jafferjee Defendants imported to the United States and distributed to Frank W. Winne & Sons, Inc. (hereinafter "Winne"), a corporation of the State of Pennsylvania. Winne there upon sold and distributed the subject tie-down strap to United Refrigeration, Inc. (hereinafter "United Refrigeration"), also a Pennsylvania corporation which had a retail facility at 8380 Washington Boulevard, Jessup, Maryland, 20794. Thereafter, the Plaintiff purchased the subject tie-down strap from United Refrigeration at their Jessup, Maryland facility.

8. On or about May 5, 1999, the Plaintiff, Kenneth Fay, returned to the premises of Defendant, United Refrigeration, Inc. to purchase some plastic pads that he used in his pool construction business. In an attempt to secure the pads to the bed of his truck with the subject tie-down strap, suddenly and without warning, the tie-down strap's fastening device failed,

causing the strap to become unfastened while under tension and, along with its metal hook, was violently propelled toward the Plaintiff, whereby the hook struck him in the head with such force that it, the metal hook, penetrated the Plaintiff's skull and struck and lodged against his brain. As a consequence, the brain was severely damaged, and the Plaintiff sustained serious, painful and permanent injuries.

9. The Jafferjee Defendants were served with process including summons and Complaint, by the Ministry Of Justice of Sri Lanka in accordance with the Hague Convention on the service abroad of judicial and extrajudicial documents in civil and commercial matters on March 10, 2003. The Affidavits of Service upon each of these defendants was filed on June 20, 2003.

10. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Jafferjee Defendants were required to file an Answer within twenty (20) days of being served. These defendants having failed to file an Answer within twenty (20) days of being served, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Plaintiff moved for entry of default which has been granted.

11. A hearing on damages is scheduled for June 29, 2006 at the United States District Court for the District of Maryland.

12. The Plaintiff has settled with Winne and United Refrigeration on the basis of a Joint Tort Feasor Release pursuant to the Maryland Uniform Contribution Among Joint Tort Feasors Act.

13. The Plaintiff has sought the help of the Embassy of Sri Lanka. The matter has been forwarded to the Director General of Commerce of the Democratic Socialist Republic of Sri Lanka, who is using his good offices to assist in an attempt to amicably resolve this litigation before final judgment has been rendered. However, no progress has been made.

14. Upon information and belief, the Plaintiff believes that the Jafferjee Defendants were covered by a policy of insurance with the Defendant, AIG at the time the underlying cause of action accrued.

15. Kenneth Fay, through his counsel, has attempted to discover whether the Jafferjee Defendants actually were covered by a policy of insurance with the Defendant, AIG and have received no cooperation from the Jafferjee Defendants nor could he obtain confirmation of coverage from various departments of this Defendant.

WHEREFORE, Kenneth Fay prays that this Honorable Court set this matter for trial, to determine whether in fact, the injuries sustained in the underlying action are covered by a policy of insurance with American International Group, Inc. or one of its affiliates.

Respectfully submitted,

_____
Jeffrey S. Goldstein
JEFFREY S. GOLDSTEIN, P.A.
10320 Little Patuxent Parkway, Suite 322
Columbia, Maryland  21044
(410) 884-6890


_____
Bertram M. Goldstein
BERTRAM M. GOLDSTEIN
& ASSOCIATES, P.A.
10320 Little Patuxent Parkway, Suite 322
Columbia, Maryland  21044
(410) 884-6890

Attorneys for Plaintiff